Andrew T. Oliver (Cal Bar No. 226098)
AMIN, TUROCY & WATSON LLP
148 Castro Street, Suite B-20
Mountain View, CA 94041
Telephone: 650-618-6477
Email: aoliver@ATWiplaw.com

Attorneys for Plaintiff
James Brady

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JAMES BRADY, | Case No. 5:14-cv-1732 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| VON DREHLE CORPORATION, | **DEMAND FOR JURY TRIAL** |
| Defendant(s). | |

Plaintiff James Brady ("Brady") for his complaint against Defendant(s), asserts as follows:

## NATURE OF ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, i.e., Title 35 of the United States Code, including 35 U.S.C. §271.

## PARTIES

2. Brady is an individual residing in Fairview Park, Ohio.

3. VON DREHLE CORPORATION ("Defendant") is a North Carolina corporation with its principal place of business located at 612 3RD AVE NE, STE 200D, HICKORY NC 28601. Defendant's registered agent for service of process is Steve Von Drehle, 612 3RD AVE NE, STE 200D, HICKORY NC 28601.

# JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because this action arises under the patent laws of the United States, i.e., 35 U.S.C. §1 et seq.

5. Venue is proper in this judicial district pursuant to one or more of 28 U.S.C. §§1391(b), 1391(c), and 1400(b) as Defendant has done business in this judicial district, and has committed and continues to commit acts of patent infringement in this judicial district, entitling Brady to relief as hereinafter set forth.

6. Defendant advertises that it works with, and upon information and belief actually works with, an international network of more than 300 distributors, through which it sells its products to industrial, commercial and institutional suppliers, as well as to major contract cleaners and building-maintenance services. Upon information and belief, one or more of these more than 300 distributors is located in the state of California and within this district, including at least Monterey Sanitary of Monterey, California. Pursuant to Rule 11(b)(3), the contention that "one or more of these more than 300 distributors is located in the state of California and within this district" will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

7. Defendant's infringing products, including at least models numbers 2626 and 2644, have been sold in the Northern District of California. Upon information and belief, these products were sold in the Northern District of California by distributors within Defendant's international network of more than 300 distributors.

8. When Defendant introduced its infringing products, including at least model numbers 2626 and 2644 into the stream of commerce, upon information and belief, Defendant could reasonably have foreseen that its international network of more than 300 distributors would offer for sale, sell, and/or use its infringing products in the Northern District of California.

# INTRADISTRICT ASSIGNMENT

9. Because this is an Intellectual Property Case, it may be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

2
Complaint for Patent Infringement
Case No. 5:14-cv-1732

Case 5:14-cv-00142-RLV-DSC   Document 1   Filed 04/15/14   Page 2 of 5

## BACKGROUND

10. Notice of Defendant's infringement was provided by Brady in, for example, correspondence dated April 10, 2014, and received by Defendant on April 14, 2014. Defendant has had actual notice of Brady's patent and infringement contentions since at least that time.

## FIRST CLAIM FOR RELIEF

(Infringement of U.S. Patent No. D522,785)

11. Brady incorporates by reference paragraphs 1 through 10 above.

12. On June 13, 2006, United States Patent No. D522,785 (the '785 patent) was duly and legally issued for an invention entitled "Towel Dispenser." Brady is the sole inventor of the '785 patent and continues to hold all rights, title, and interest in the '785 patent. A copy of the '785 patent is attached hereto as **Exhibit 1**.

13. Defendant makes, uses, sells, offers for sale and/or imports into the United States products, including Defendant's models numbers 2626 and 2644, that infringe the '785 patent.

14. Defendant's products that infringe the '785 patent, including Defendant's models numbers 2626 and 2644, have been sold in the Northern District of California.

15. Brady has not authorized or licensed Defendant (nor any of Defendant's agents, officers, or affiliates) to make, use, sell, offer for sale and/or import into the United States products with a design covered by the '785 patent. Defendant has no license or authorization to do so.

16. Defendant has infringed and continues to infringe the '785 patent by making, using, selling, offering for sale and/or importing into the United States infringing products without Brady's authorization or license.

17. Brady has provided notice of the '785 patent and Defendant's infringement directly to Defendant.

18. Defendant's infringement of the '785 patent has caused and continues to cause damage to Brady in an amount to be determined at trial. Brady is also entitled to an award of the entirety of Defendants' profits derived from the infringement, pursuant to 35 U.S.C. §289.

3

Complaint for Patent Infringement
Case No. 5:14-cv-1732

19. Defendant's infringement as herein alleged will continue to cause immediate and irreparable harm to Brady for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

20. Defendant's infringement of the '785 patent is willful and deliberate in that its knowing infringement of the patent is objectively reckless and the objectively-defined risk was known or should have been known by Defendant, entitling Brady to enhanced damages (for example, an award of three times the amount of the entirety of Defendant's profits derived from the infringement) pursuant to 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. §285.

## **BRADY'S PRAYER FOR RELIEF**

WHEREFORE, Brady respectfully prays for the following relief:

A. That judgment be entered in favor of Brady that the accused Defendant has infringed and is infringing the '785 patent in violation of 35 U.S.C. §271;

B. That Brady be granted an accounting of all damages sustained as a result of the accused Defendant's infringement of Brady's patents as alleged herein, including but not limited to all of Defendant's profits;

C. That Brady be awarded actual damages with prejudgment interest and enhanced damages pursuant to 35 U.S.C. §284;

D. That Brady be awarded the extent of the accused Defendant's total profits pursuant to 35 U.S.C. §289;

E. That a permanent injunction be issued pursuant to 35 U.S.C. §283 enjoining the accused Defendant, its officers, agents, servants, employees and all other persons acting in concert or participation with it from further infringement of Brady's patent;

F. That judgment be entered in Brady's favor that Defendant's infringement of the '785 patent is willful;

G. That this case be decreed an "exceptional case" within the meaning of 35 U.S.C. §285, and that reasonable attorneys' fees, expenses, and costs be awarded to Brady; and

4

Complaint for Patent Infringement
Case No. 5:14-cv-1732

H. That Brady be awarded such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., and Civil L.R. 3-6(a), Brady demands a jury trial for any issues so triable.

Dated: April 15, 2014

By: _____
ANDREW T. OLIVER

Attorney for Plaintiff
James Brady