United States District Court
Northern District of California

1

2

3 UNITED STATES DISTRICT COURT

4 NORTHERN DISTRICT OF CALIFORNIA

5

6 JAMES BRADY,                          Case No.  14-cv-01732-VC

7              Plaintiff,

8        v.                             **ORDER TRANSFERRING CASE**

9 VON DREHLE CORPORATION,

10             Defendant.                Re: Dkt. No. 30

11

12        The motion to transfer the case is granted.  Brady lives in Ohio and has no ties to the

13 Northern District of California.  Von Drehle is incorporated and headquartered in Hickory, North

14 Carolina, within the Western District of North Carolina.  Its main operations are there and it has

15 no facilities in the Northern District of California.  Most of the party and non-party witnesses

16 identified in the parties' submissions are located in North Carolina, along the east coast, or in

17 Europe (setting aside for now whether those witnesses are legally appropriate).  All relevant

18 documents appear to be located in North Carolina, including all financial records and documents

19 related to the design, marketing, distribution, and sales of the challenged products.  Litigating this

20 case in North Carolina will therefore be less expensive and more convenient.  And to the extent

21 there is local interest in this case, it is greater in North Carolina, where the defendant operates.

22 Finally, the courts in both districts are presumed equally familiar with patent law.  *In re TS Tech*

23 *U.S. Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).

24        Brady argues that one of Von Drehle's 300 third-party distributors is located in Monterey,

25 California, and that Von Drehle has a paper towel manufacturing plant in Nevada.  But there is no

26 indication that the Monterey distributor or the Nevada plant possesses any unique or

27 noncumulative information.  Indeed, Brady's Rule 26(a)(1) disclosures do not list representatives

28 from either the distributor or the plant as potential witnesses.  *See* Higgins Decl., Ex. 1 at 2.  And

the Nevada plant does not even produce the paper towels used in the challenged dispensers. *See* Reply at 5. Therefore, these connections, to the extent they are real ones at all, do not nearly tip the balance in favor of litigating the case in the Northern District of California.

Brady also contends that the Western District of North Carolina and the Northern District of California are equally convenient for him, dismissing as insignificant the approximately four hours in added travel time. Even if the two districts were equally convenient for Brady, North Carolina is significantly more convenient and less expensive for the defendant and for non-party witnesses.

The case is transferred to the Western District of North Carolina. Brady's request for discovery is denied. The Clerk is directed to transfer and close this case.

**IT IS SO ORDERED.**

Dated: August 25, 2014

_____
VINCE CHHABRIA
United States District Judge